UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL CARRIEL and ROSA CARRIEL

                              Plaintiffs,

        - against -

WESTFRONT ASSOCIATES LLC and
NOAM CORPORATION

                              Defendants.

Case No.: 1:22-cv-9426

**COMPLAINT AND JURY DEMAND**

        Plaintiffs Miguel Carriel and Rosa Carriel ("Plaintiffs" or "Mr. Carriel and Mrs. Carriel"),

by and through their attorneys, Mobilization for Justice, Inc., allege as follows:

## PRELIMINARY STATEMENT

    1. Plaintiffs Miguel and Rosa Carriel (together "the Carriels" or "Plaintiffs") bring this case to

stop Defendants Westfront Associates LLC and Noam Corporation (together "Landlord" or

"Defendants") from discriminating against them based on their disabilities.

    2. They seek declaratory, injunctive, compensatory, and punitive relief pursuant to the Fair

Housing Act, 42 U.S.C. §§ 3601 et seq. ("FHA"), and the New York City Human Rights Law

("NYCHRL") codified in New York City Administrative Code ("NYC Admin. Code") § 8-101,

et. seq.

    3. Plaintiff Miguel Carriel is an 80-year-old man with numerous disabilities that cause chronic

pain and persistent dizziness. Due to these disabilities, he has a limited range of motion, difficulty

ascending and descending stairs, and is at a high risk for falls.

    4. Plaintiff Rosa Carriel is a 78-year-old woman with numerous disabilities that result in

chronic pain, a limited range of motion, and difficulty ascending and descending stairs. As such

she is at a high risk for falls.

5. Mr. and Mrs. Carriel lack safe and accessible bathing and toilet facilities in their home.

6. In their apartment, Mr. and Mrs. Carriel cannot safely access their bathtub without assistance.

7. Mr. and Mrs. Carriel also lack an accessible toilet. Their apartment is the only one in the building that does not have an in-unit toilet. They must leave their apartment and travel into a shared hallway to use the water closet, which is small and does not conform to accessibility guidelines.

8. Without limitation, Mr. and Mrs. Carriel require a large, low or no-threshold shower with grab bars and a toilet facility within their apartment that conforms to accessibility guidelines.

9. An architect has confirmed that is feasible, both logistically and economically, for the landlord to provide these reasonable modifications.

10. Mr. and Mrs. Carriel have asked Defendants to provide them with a large, low or no-threshold shower with grab bars to be able to safely bathe in their apartment, but their landlord has not done so.

11. However, Defendants have not provided these reasonable modifications and have failed to meaningfully engage with the Carriels regarding their requests.

12. Defendants' responses constitute unlawful discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. ("FHA"), and the New York City Human Rights Law, New York City Administrative § 8-101, et seq. ("NYCHRL").

13. The lack of accessible shower and toilet have caused the Carriels to sacrifice their independence and dignity. They are dependent on caretakers to help them bathe and use the bathroom when they would otherwise not need caretakers. Everyday poses a risk of severe injury

that has been the source of daily anxiety for the Carriels.

14. Accordingly, through this action, the Carriels seek declaratory, injunctive, compensatory, and punitive relief pursuant to the FHA and NYCHRL to remedy Defendants' discriminatory behavior.  They also seek an award of attorney's fees given that they have been forced to retain counsel and commence this action to vindicate their rights.

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action seeks redress for violations of the Carriels' rights under the FHA, a federal statute that is intended to ensure the equal rights of persons with disabilities.

16. The Court has supplemental jurisdiction over the Carriels' NYCHRL claims pursuant to 28 U.S.C. § 1367 because they are based on the identical set of transactions and occurrences that give rise to the Carriels' FHA claims, such that they form part of the same case or controversy under Article III of the Constitution.

17. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all or a substantial part of the events or omissions giving rise to the Carriels' claims occurred in New York County, New York.

## PARTIES

18. Plaintiff MIGUEL CARRIEL ("Mr. Carriel") is an 80-year-old man who resides in Apartment 9 ("the Apartment") at 456 9th Avenue, New York, New York 10018 ("the Building").

19. Mr. Carriel is a person with a disability as that term is defined by the FHA and the NYCHRL.

20. Plaintiff ROSA CARRIEL ("Mrs. Carriel") is a 78-year-old woman who resides in Apartment 9 at 456 9th Avenue, New York, New York 10018.

21. Mrs. Carriel is a person with a disability as that term is defined by the FHA and the NYCHRL.

22. Defendant Westfront Associates LLC ("Defendant" or "Westfront Associates"), is a domestic limited liability company that has its principle place of business in Kings County, New York.

23. Defendant Westfront Associates LLC owns the Building and leases the Apartment to Mr. and Mrs. Carriel.

24. Defendant Noam Corporation ("Defendant" or "Noam Corporation") is a domestic corporation that has its principle place of business in Kings County, New York.

25. Defendant Noam Corporation is the registered managing agent for the Building.

## STATEMENT OF FACTS

26. Plaintiff Miguel Carriel is the tenant of record of the Apartment. Mr. Carriel resides with his wife, Plaintiff Rosa Carriel. The Carriels have resided in the Apartment for approximately 47 years.

27. Mr. Carriel has numerous disabilities, including cervical disc disorder, stroke, coronary artery disease, cavernous angioma, hypertension, hyperlipidemia, osteoarthritis, radiculopathy (nerve damage), pernicious anemia, plantar fasciitis, and type 2 diabetes.

28. Due to his disabilities, Mr. Carriel has limited mobility, has difficulty ascending and descending stairs, cannot stand for long periods of time, experiences persistent dizziness, and is at a high risk for falls.

29. Mrs. Carriel has numerous disabilities, including aphasia, a cerebral vascular accident, hypertension, hyperlipidemia, cardiovascular disease, hearing loss, chronic kidney disease, and chronic knee pain.

30. Due to her disabilities, Mrs. Carriel experiences chronic pain, has reduced mobility, and is at a high risk for falls. She requires constant assistance to complete her activities of daily living, such as bathing, using the bathroom, and ambulating.

**The Apartment Shower is Not Accessible**

31. The Carriels' apartment is located on fourth floor of a walk-up building.

32. The shower in the Carriels' apartment is inaccessible and unsafe.

33. The shower facilities in the Carriels' apartment consist of a freestanding bathtub on legs located in the apartment's kitchen.

34. The side wall of this bathtub is 18 inches high.

35. Given the height of the current tub, the Carriels must use a step stool to step in and out of the tub.

36. Because of their disabilities, Mr. and Mrs. Carriel are at a high risk for falls and have difficulty ascending and descending heights.

37. Mr. and Mr. Carriel are at risk of injury when utilizing their current shower. They have difficulty getting in and out of the bathtub due to its height and require assistance to enter and exit the tub safely.

**The Toilet Room Is Not Accessible**

38. The Carriels are the only building tenants who lack a toilet inside of their apartment. The apartments directly above and below the Carriels' apartment have a toilet room inside of the apartment.

39. Instead, the Carriels must use the toilet located in a water closet in the shared apartment hallway.

40. Due to their disabilities, the Carriels have limited mobility and have difficulty moving around their apartment. The water closet is approximately 12 feet from the Carriels' apartment.

41. The Carriels are the only tenants in the building who are forced to use a water closet in a shared hallway.

42. In addition to its distance from their apartment, the Carriels have difficulty utilizing this toilet, because it is too small and is fitted with grab bars that do not conform to accessibility guidelines.

**Defendants Failed to Engage in an Interactive Process and Constructively Deny a Reasonable Modification or a Reasonable Accommodation**

43. Mr. and Mrs. Carriel have, on several occasions, requested that Defendant provide reasonable modifications.

The Carriels have requested a reasonable modification in the form of a large, low or no-threshold shower stall with grab bars so that they can safely bathe. Their landlord has not provided this modification.

44. Approximately three years ago, in late 2019, the Carriels made their first request for a reasonable modification over the phone.

45. Defendants ignored their request for reasonable modifications.

6

46. The Carriels' daughters have also contacted building management on their behalf to request reasonable modifications for the Carriels.

47. On or about March 11, 2020, their daughter, Katy Barbecho, met with an individual from Noam Management to discuss their request for reasonable modifications to their bathtub and toilet room. She provided them with a physical copy of the letter from the Carriels' doctors dated January 2020 regarding their disabilities. That day, Ms. Barbecho followed up by email to Esther Pikus from Noam Corporation requesting to "please notify your supervisor or boss about this situation to avoid any incident or accident that could happens [sic] to my parents." Ms. Barbecho included pictures of the inaccessible bathtub and toilet as attachments to this email.

48. Defendants ignored this request for reasonable modifications. Thereafter, Plaintiffs' other daughter, Grace Carriel, also sent a letter to building management requesting these reasonable modifications and included letters from the Carriels' doctors documenting their multiple disabilities.

49. Defendants ignored this request for reasonable modifications.

50. In or about March 2021, the Carriels sought the help of the Fair Housing Justice Center (the "FHJC"), an organization that is dedicated to eliminating housing discrimination.

51. The FHJC informed Mr. and Mrs. Carriel of their legal rights and retained an architect on their behalf to prepare a report regarding the feasibility of modifications necessary to make the shower and toilet facilities accessible to them.

52. On March 15, 2021, Steven Zalben, the architect retained by the FHJC, conducted a site visit of the Building and Apartment.

53. Mr. Zalben prepared a 5-page report that concluded that the requested modifications were feasible, both logistically and economically. The report outlined solutions to the Carriels'

reasonable modification requests in detail, including, inter alia: a description of accessible shower stalls and a cost estimate (approximately $2,300); a description of the work required to install a toilet and enclosed bathroom in the Apartment; suggested location, size, and features of the bathroom; and the estimated cost of installing an in-unit toilet room (approximately $6,300).

54. On July 6, 2021, the Carriels sent a letter to Defendant Noam Corporation describing their disabilities and requesting as a reasonable modification a large, low or no threshold shower stall with grab bars and a new toilet and toilet compartment installed within the apartment in an enclosed bathroom. The Carriels requested a response within two weeks, and enclosed additional doctors' letters dated May 2021 as documentation of their disabilities.

55. Defendant Noam Corporation did not respond to the letter within this requested two-week window.

56. On July 28, 2021, Plaintiffs' daughter Grace Carriel called building management on their behalf to follow up on the request for reasonable modification. Ms. Carriel was initially told that this letter was not received. After Ms. Carriel clarified that the letter was sent alongside the Carriels' rent for July, and that that rent was deposited by the landlord, the representative from Noam Corporation confirmed that the letter had in fact been received, and that they would get back to her with a response.

57. The Carriels did not hear back from Noam Corporation. Ms. Carriel continued to follow up by phone multiple times in August 2021. Each time, she was told that someone from Noam Corporation would get back to her, but no one did.

58. On September 21, 2021, Ms. Carriel wrote an email to Esther Pikus from Defendant Noam Corporation and asked for a response to their reasonable modification request.

59. On September 30, 2021, Ms. Pikus replied that another staff member of Noam Corporation, Shaindy Feigenblatt, would assist with the request.

60. On October 13, 2021, Ms. Carriel called Ms. Feigenblatt to request an update on the requested modifications. Ms. Feigenblatt instructed Ms. Carriel that she had to speak with a third staff member of Noam Corporation, an individual named Chesky, and that Chesky would reach out to her by the end of the week.

61. Chesky did not reach out to Ms. Carriel by the end of that week.

62. On October 20, 2021, Ms. Carriel wrote again to Ms. Pikus and Ms. Feigenblatt to update them that she had not heard from Chesky, and she again requested an update on when the reasonable modifications would be made.

63. On October 21, 2021, Ms. Feigenblatt responded that a maintenance person would be sent to install "shower handles/ bars" next to the existing tub, which was not part of either reasonable modification requested in the Carriels' letter.

64. On October 21, Ms. Carriel followed up by email asking whether the requested reasonable modifications would be addressed: specifically, a "walk-in shower and enclosed bathroom with toilet." Ms. Carriel received an out-of-office response from Ms. Feigenblatt.

65. On November 4, 2021, Ms. Carriel followed up again via email about the reasonable modification request. Ms. Feigenblatt replied that she would "check with her manager" and that she would come to the apartment soon to install shower grab bars.

66. On or around November 5, 2021, the building superintendent installed a grab bar on the window sill next to the shower, and explained that this was a temporary solution while they figured out what to do.

9

67. The installation of grab bars was not one of the reasonable modifications requested in the Carriels' letter. This modification does not address the fundamental inaccessibility of the bathtub, is wholly unresponsive to the Carriels' request for a large, low or no threshold shower and a toilet compartment within their apartment.

68. Due to Defendant Noam Corporation's failure to respond to the July 6, 2021 letter and the Carriels' repeated follow-up, the Fair Housing Justice Center referred the matter to Mobilization for Justice on or around January 2022.

69. On February 4, 2022, the Carriels, now through counsel, sent Defendant a letter via certified mail and regular mail repeating the request for the following reasonable modifications or reasonable accommodation, each of which the architect retained by the FHJC determined to be feasible:

    a.   Installation of a large, low or no- threshold shower stall with grab bars; and

    b.   A new toilet and toilet compartment installed within their apartment; or

    c.   Relocation to a lower floor with an accessible apartment or to an elevator building.

70. In this February 4, 2022 letter, the Carriels' advised Defendants to respond to their request by February 25, 2022, and warned that if Defendants did not respond, the Carriels would assume their request was denied.

71. As of the date of this Complaint—eight months after the deadline provided in the Carriels' most recent letter, and over two years since the initial request was made—Defendants have still not responded to their request.

72. The lack of accessible shower and toilet have caused the Carriels' to sacrifice their independence and dignity. They are dependent on caretakers to help them bathe and use the bathroom when they would otherwise not need caretakers. Everyday poses a risk of injury that has

been the source of daily anxiety for the Carriels'.

Mr. and Mrs. Carriel continue to suffer significant harm based on Defendants' discrimination.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF THE FHA
#### (Failure to Approve a Reasonable Modification)

73. The Carriels repeat and reallege the above paragraphs as though set forth fully and at length herein.

74. The FHA requires "reasonable modifications of existing premises occupied or to be occupied by [a handicapped] person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A).

75. Defendants are subject to the FHA because they own and operate a dwelling for which no exemption under 42 U.S.C. § 3603(b) is available.

76. Mr. and Mrs. Carriel are persons with handicaps, as that term is defined by the FHA.

77. The Carriels have requested reasonable modifications to allow them to fully access and enjoy their home.

78. Defendants' failure in meaningfully responding to the Carriels' request for reasonable modifications amounts to a constructive denial of their request. Defendants have not evaluated, discussed, responded to, or implemented the reasonable modifications requested in the Carriels' March 2020 email, July 2021 letter, and February 2022 letter. The only action that Defendants have taken is to install shower grab bars, which is wholly unresponsive to the reasonable modification request.

79. Defendant has violated the FHA by refusing to permit the reasonable modifications that Mr. and Mrs. Carriel have requested.

80. Defendant's failure to permit reasonable modifications is a form of discrimination that is prohibited by the FHA.

81. The Carriels are aggrieved persons, as that term is defined by the FHA, and have standing to prosecute this action because they have been injured by Defendants' discriminatory practices.

82. The Carriels have been deprived the opportunity to fully enjoy their home and have been injured in the exact way that the FHA was intended to prevent and remedy.

83. Defendants' conduct was willful and/or in reckless disregard of the Carriels' civil rights.

84. Because Defendants have violated the FHA and caused injury to the Carriels, they are entitled to compensatory, consequential, and punitive damages, as well as reasonable attorney's fees and costs. The Carriels are further entitled to injunctive relief in the form of an Order directing Defendant to permit the requested reasonable modifications.

85. The Carriels are also entitled to reasonable attorney's fees and costs associated with the prosecution of this case.

### SECOND CAUSE OF ACTION: VIOLATION OF THE FHA
#### (Failure to Provide a Reasonable Accommodation)

86. The Carriels repeat and reallege the above paragraphs as though set forth fully and at length herein.

87. The FHA requires that landlords provide "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 24 CFR § 100.204 (2004).

88. A relocation from one apartment to another is a legally cognizable form of reasonable accommodation. *See Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp.2d 341 (E.D.N.Y 2005).

89. Defendants are subject to the FHA because they own and/or operate a dwelling for which no exemption under 42 U.S.C. § 3603(b) is available.

90. The Carriels are individuals with a disability, as that term is defined by the FHA.

91. Their disabilities prevented them from using and enjoying their home due to the inaccessibility of their shower and toilet.

92. The Carriels requested that Defendants provide them with a reasonable accommodation in the form of relocation to an accessible apartment on a lower floor or in one of their elevator buildings.

93. Defendants constructively denied their request.

94. The Carriels are aggrieved persons, as that term is defined by the FHA, and have standing to prosecute this action because they have been injured by Defendants' discriminatory practices.

95. Upon information and belief, Defendants own and/or operate around at least 32 apartment buildings in New York City and at least 992 units.

96. Given the number of buildings that Defendants own and/or operate, it would not have been an undue burden to relocate the Carriels to an accessible apartment on a lower floor or in an elevator building.

97. Defendants violated the FHA by rejecting Plaintiff's requests for a reasonable accommodation.

98. The Carriels were deprived the opportunity to fully enjoy their home and have been injured in the exact way that the FHA was intended to prevent and remedy.

99. Defendants' conduct was willful and/or in reckless disregard of Plaintiff's civil rights.

100. Because Defendants have violated the FHA and caused injury to the Carriels, Plaintiffs are entitled to a declaratory judgment, as well as compensatory, consequential, and punitive damages.

101. Plaintiffs are further entitled to injunctive relief in the form of an Order directing Defendant to relocating the Carriels to an accessible apartment on a lower floor or in an elevator building.

102. Plaintiffs are also entitled to reasonable attorney's fees and costs associated with the prosecution of this case.

### THIRD CAUSE OF ACTION: VIOLATION OF THE FHA
### (Failure to Engage in an Interactive Process)

103. Carriels repeat and reallege the above paragraphs as though set forth fully and at length herein.

104. Because it is inaccessible, the Carriels are unable to use and enjoy their home.

105. The Carriels requested a low no-threshold shower and a toilet facility inside their apartment as a reasonable modification to be able to use and enjoy their home or as a reasonable accommodation to have their family relocated to an accessible apartment that is also on a lower floor or in an elevator apartment.

106. Under the FHA, as part of the reasonable modification and reasonable accommodation process, Defendants were required to engage in an interactive process with the Carriels to discuss and explore their requested modifications and/ or accommodations.

107. Defendants failed to engage in an interactive process with the Carriels.

108. In 2021, the *only* communication from Defendants was when Defendants purported to engage in an interactive process by installing grab bars near the shower.  However, this installation completely ignored the actual modification request of a low or no-threshold shower and a toilet inside the Carriels' apartment that was requested.

109. Defendants' conduct was willful and/or in reckless disregard of the Carriels' civil rights.

110. Because Defendants have violated the FHA and caused injury to the Carriels, they are entitled to a declaratory judgment, as well as compensatory, consequential, and punitive damages.

111. The Carriels are also entitled to reasonable attorney's fees and costs associated with the prosecution of this case.

### FOURTH CAUSE OF ACTION: VIOALTION OF THE NYCHRL
#### (Failure to Provide a Reasonable Accommodation)

112. Plaintiffs repeat and reallege the above paragraphs as though set forth fully and at length herein.

113. The New York City Council passed the NYCHRL "to eliminate and prevent discrimination from playing any role in actions relating to employment, public accommodations, and housing and other real estate." NYC Admin. Code § 8-101.

114. Defendants are covered entities as defined by the NYCHRL because they own, lease, and manage a housing accommodation, and no exemptions under NYC Admin. Code § 8-107(5)(a)(4) apply.

115. The NYCHRL prohibits discrimination against persons with disabilities in the terms, conditions or privileges of the sale, rental or lease of housing accommodations.

116. The NYCHRL requires covered entities, like Defendants, to make reasonable accommodations "to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." NYC Admin. Code § 8-107(15)(a).

117. The Carriels are individuals with disabilities as defined by the NYCHRL.

118. The Carriels have requested that Defendants provide reasonable accommodations in the form of structural modifications to the Carriels' apartment or provide them with a reasonable

accommodation in the form of relocation to an accessible apartment on a lower floor or in one of their elevator buildings to be able to use and enjoy their home.

119. Defendants have refused to make those reasonable accommodations.

120. Defendants have violated the NYCHRL by failing to make the requested reasonable accommodations.

121. The Carriels have standing to sue because under the NYCHRL, "any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction for damages." NYC Admin. Code § 8-502(a).

122. The Carriels are aggrieved by an unlawful discriminatory practice and thus have standing to commence the instant action.

123. Because Defendants have violated the NYCHRL in a way that has financially injured the Carriels, they are entitled to compensatory and consequential, and punitive damages, as well as reasonable attorney's fees and costs.

124. The Carriels are further entitled to injunctive relief in the form of an Order directing Defendant to make the requested reasonable modifications.

## FIFTH CAUSE OF ACTION: VIOLATION OF THE NYCHRL
### (Failure to Engage in a Cooperative Dialogue)

125. The Carriels repeat and reallege the above paragraphs as though set forth fully and at length herein.

126. Because it is inaccessible, the Carriels are unable to use and enjoy their home.

127. The Carriels requested a low no-threshold shower and a toilet facility inside their apartment as a reasonable modification to be able to use and enjoy their home or, as a reasonable accommodation, to have their family relocated to an accessible apartment that is also on a lower floor or in an elevator apartment.

128. The NYCHRL makes it unlawful for covered entities to "fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation."  NYC Admin. Code § 8-107(28)(c).

129. Defendants failed to engage in a cooperative dialogue.

130. Defendants refused to consider The Carriels' request.

131. In 2021, the *only* communication from Defendants was when Defendants purported to engage in a cooperative dialogue by installing grab bars near the shower.  However, this installation completely ignored the actual modification request of a low or no-threshold shower and a toilet inside the Carriels' apartment that was requested.

132. Defendants' conduct was willful and/or in reckless disregard of Plaintiffs' civil rights.

133. Because Defendants have violated the NYCHRL in a way that has financially injured the Carriels, they are entitled to compensatory, consequential, and punitive damages, as well as reasonable attorney's fees and costs.

134. The Carriers are further entitled to injunctive relief in the form of an Order directing Defendants to provide the requested reasonable accommodations.

## JURY DEMAND

135. Plaintiff demands a trial by jury.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

a.      Declaring that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et. seq.;

b.      Directing Defendant to purchase and install a large, low or no-threshold shower stall with grab bars in the Apartment located at 456 9th Avenue, Apartment 9, New York, New York, 10018;

c.      Directing Defendant to purchase and install a toilet and enclosed bathroom in the Apartment located at 456 9th Avenue, Apartment 9, New York, New York, 10018;

d.      Directing Defendant to make any other modifications that are necessary to make the Apartment shower and toilet facilities accessible;

e.      Alternatively, directing Defendant to relocate the Carriels to an accessible apartment on a lower floor or in an elevator building in the area.

f.      Awarding the Carriels compensatory, consequential, and punitive damages for the emotional, mental, physical, and financial harm they have suffered due to Defendant's discriminatory conduct;

g.      Awarding the Carriels reasonable attorney's fees, costs and expenses incurred in prosecuting this action; and

h.      Order such other further relief as this Court deems just and proper.

Dated: November 3, 2022
          New York, New York

                                                  Respectfully Submitted,

                                                  _____
                                                  Shanila Ali, of counsel to
                                                  Tiffany Liston, Esq.
                                                  *Attorneys for Plaintiffs*
                                                  Mobilization for Justice, Inc.
                                                  424 East 147th Street, 3rd Floor
                                                  Bronx, New York 10455
                                                  (212) 417-3875
                                                  sali@mfjlegal.org

TO:    Westfront Associates LLC
          *Defendant*
          1428 36th Street
          Apartment 219
          Brooklyn, New York 11218

          Noam Corporation
          *Defendant*
          1428 36th Street
          Apartment 219
          Brooklyn, New York 11218